## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| KEN JOHANSEN, on behalf of himself and others similarly situated, | : | Case No. 2:16-cv-00121 |
| | : | |
| Plaintiff, | : | |
| | : | **JURY DEMANDED** |
| v. | : | |
| | : | |
| HOMEADVISOR, INC. and ONE PLANET OPS INC. | : | |
| | : | |
| Defendants. | : | |

## CLASS ACTION COMPLAINT

**Preliminary Statement**

1. Plaintiff Ken Johansen ("Plaintiff" or "Mr. Johansen") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices.  *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

2. In violation of the TCPA, One Planet Ops Inc. ("One Planet") placed telemarketing calls to a telephone number Mr. Johansen had registered on the National Do Not Call Registry for the purposes of advertising the services and securing new business for HomeAdvisor, Inc. ("HomeAdvisor").

3. Mr. Johansen never consented to receive these calls, and they were placed to him for telemarketing purposes.  Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Mr. Johansen brings this action

on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of the Defendants.

4. A class action is the best means of obtaining redress for the Defendants' wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5. Plaintiff Ken Johansen is a resident of the state of Ohio.

6. Defendant One Planet Ops Inc. is a Delaware corporation that has its principal office at 12667 Alcosta Blvd., 2nd Floor, San Ramon, CA.

7. Defendant HomeAdvisor, Inc. is a Delaware corporation that has its principal office at 14023 Denver West Parkway, Suite 100, Golden, CO.

## Jurisdiction & Venue

8. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the Plaintiff is a resident of this district, which is where he received the illegal telemarketing calls that are the subject of this putative class action lawsuit.

## TCPA Background

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

11. A seller of goods or services can be liable for TCPA violations even if the seller does not directly place or initiate the calls.

12. Regulations of the Federal Communication Commission ("FCC") "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See Rules and Regs. Implementing the Telephone Consumer Prot. Act of 1991, Mem. and Order,* 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

13. The FCC affirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *See In the Matter of the Jt. Pet. filed by Dish Network, LLC,* 28 F.C.C. Rcd. 6574, 6574 (2013).

***The TCPA prohibits telemarketing calls to numbers listed on the Do Not Call Registry, unless the caller has the recipient's signed, written consent.***

14. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

16. A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

17. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id*.

## Factual Allegations

18. Mr. Johansen's home telephone number, (614) 791-XXXX, has been on the National Do Not Call Registry since 2003.

19. Mr. Johansen has never removed his residential telephone number from the National Do Not Call Registry.

20. On December 11, 2015, December 12, 2015 and December 17, 2015, the Plaintiff received telephone calls from telemarketing representatives from One Planet.

21. These calls were made by One Planet pursuant to a contract between it and HomeAdvisor where One Planet is required to generate new leads for HomeAdvisor.

22. The purpose of these calls was to generate leads for HomeAdvisor.

23. This purpose was confirmed following the calls when Mr. Johansen learned that the telemarketing calls to him resulted in a HomeAdvisor Lead ID, 71447949, being assigned to his information.

24. Plaintiff is not a customer of Defendants and has not provided Defendants with his personal information or telephone number.

### *HomeAdvisor Liability for the Calls Made by One Planet*

25. HomeAdvisor is an entity that connects contractors around the country with potential clients to have carpentry and other construction work performed.

26. HomeAdvisor uses third parties that engage in telemarketing to obtain new clients.

27. HomeAdvisor expressly authorized One Planet to sell its goods and services knowing that One Planet would do so through telemarketing.

28. After receiving the first three calls, the Plaintiff wrote a letter to HomeAdvisor about the telemarketing calls he received.

29. In response, HomeAdvisor stated that it would "investigate on my end further to find the affiliate" that made the telemarketing calls to Mr. Johansen.

30. Shortly thereafter, One Planet contacted Mr. Johansen and stated, "We are a partner of HomeAdvisor" and admitted that Mr. Johansen's information had been provided to HomeAdvisor as a result of One Planet's conduct.

31. HomeAdvisor accepted the benefits of One Planet's and other vendors' illegal telemarketing campaigns by accepting revenues generated, in spite of knowledge that the new accounts were generated through the making of illegal telemarketing calls such as those being challenged here.

32. HomeAdvisor had the authority and responsibility to prevent or correct the unlawful telemarketing practices of One Planet and formulated, directed, controlled, and participated in the acts and practices of One Planet that violated the TCPA, including the acts and practices set forth in this Complaint.

33. Under ordinary principles of vicarious liability, HomeAdvisor is liable for the TCPA violations alleged above because they are directly involved in, authorized, or ratified the One Planet operations that violated the TCPA.

34. In fact, prior to the calls at issue in this lawsuit, Mr. Johansen *had twice previously sued* HomeAdvisor for calls made by the third parties that engage in telemarketing to obtain new clients—once in September of 2014, and another lawsuit was filed in December of 2014.

35. As such, HomeAdvisor was on explicit notice that the third parties that engage in telemarketing to obtain new clients for it were engaging in telemarketing that violated the TCPA.

### Class Action Allegations

36. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

37. The class of persons Plaintiff proposes to represent is tentatively defined as all persons within the United States whose phone numbers were registered on the Do Not Call Registry, and who, within the four years before the filing of the initial Complaint, through the date of class certification, received more than one telemarketing call within any twelve-month period from, or on behalf of, Defendants.

38. Excluded from the class are the Defendants, and any entities in which the Defendants have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

39. The class as defined above is identifiable through phone records and phone number databases.

40. The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

41. Plaintiff is a member of the class.

42. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

    a. Whether Defendants violated the TCPA by calling individuals on the National Do Not Call Registry;

    b. Whether Defendants placed calls without obtaining the recipients' prior consent for the call; and

    c. Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendants' actions.

43. Plaintiff's claims are typical of the claims of class members.

44. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

45. The actions of the Defendants are generally applicable to the class as a whole and to Plaintiff.

46. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

47. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

48. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

### Legal Claims

### Count One:
### Violation of the TCPA's Do Not Call provisions

49. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

50. The Defendants violated the TCPA by (a) initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry, or (b) by the fact that others made those calls on its behalf. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

51. The Defendants' violations were negligent and/or knowing.

### Count Two:
### Injunctive relief to bar future TCPA violations

52. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

53. The TCPA authorizes injunctive relief to prevent further violations of the TCPA.

54. The Plaintiff respectfully petitions this Court to order the Defendants, and their employees, agents, and independent distributors, to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

### Relief Sought

For himself and all class members, Plaintiff requests the following relief:

1. That Defendants be restrained from engaging in future telemarketing in violation of the TCPA;

2. That Defendants, and their agents, or anyone acting on their behalf, be immediately restrained from altering, deleting, or destroying any documents or records that could be used to identify class members;

3. That the Court certify the claims of the named Plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure;

4. That the Plaintiff and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation;

5. That the Court appoint Plaintiff as class representative;

6. That the Court appoint the undersigned counsel as counsel for the class;

7. That the Court enter a judgment permanently enjoining the Defendants from engaging in or relying upon telemarketing, or, alternatively, from engaging in or relying upon telemarketing that violates the TCPA;

8. That, should the Court permit Defendants to engage in or rely on telemarketing, it enter a judgment requiring them to adopt measures to ensure TCPA compliance, and that the Court retain jurisdiction for a period of six months to ensure that the Defendants comply with those measures;

9. That the Court enter a judgment finding that Defendant HomeAdvisor is vicariously liable to Plaintiff and all class members for all violations arising from the calls from Defendant One Planet's conduct; and

10. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Respectfully submitted,

**/s/ Brian K. Murphy**
Brian K. Murphy, Trial Attorney (0070654)
Joseph F. Murray (0063373)
Geoffrey J. Moul (0070663)
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH  43215
(614) 488-0400
(614) 488-0401 *facsimile*
E-mail: murphy@mmmb.com
        murray@mmmb.com
        moul@mmmb.com

Edward A. Broderick
Anthony I. Paronich
Broderick Law, P.C.
99 High Street, Suite 304
Boston, MA 02110
(617) 738-7080
(617) 830-0327 *facsimile*
Email: ted@broderick-law.com
       anthony@broderick-law.com
*Subject to Pro Hac Vice*

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, MA 01760
(508) 655-1415
(508) 319-3077 *facsimile*
E-mail: mmccue@massattorneys.net
*Subject to Pro Hac Vice*