IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KEN JOHANSEN, <br><br> Plaintiff, <br><br> vs. <br><br> HOMEADVISOR, INC., et al., <br><br> Defendant. | Case No.: 2:16-cv-00121 <br><br> Judge Marbley <br><br> Magistrate Judge Deavers |

### PROTECTIVE ORDER

It is ordered that the following terms and provisions will govern the production and use of certain documents, information, and evidence ("Produced Material") to be produced by the parties (plaintiff Ken Johansen, defendant HomeAdvisor, Inc., and defendant One Planet Ops, Inc. are collectively referred to as the "parties") or any third party in connection with the above-captioned action:

1. "Covered Information" is that Produced Material which the producing party reasonably believes in good faith constitutes either (a) confidential, proprietary, or trade secret information; or (b) information about individuals that is protected, in whole or in part, by Federal and State privacy laws restricting the use and dissemination of information about individuals.

2. All documents containing Covered Information shall be clearly labeled "Confidential" by the party producing the information.

3. Testimony at a deposition or hearing concerning Covered Information may be designated as subject to this Protective Order by an appropriate statement at the time of the giving of such testimony or in writing within 30 days after receipt of each volume

of such transcript. Either party's designation of testimony shall be limited to only that part of the testimony that it in good faith and reasonably believes contains Covered Information. Until the 30-day time period for designating deposition or hearing testimony as Covered Information expires, the transcript shall be treated as Covered Information unless otherwise specified in writing or on the record at the hearing or deposition. All copies of portions of transcripts that contain material designated as Covered Information shall be marked prominently "Confidential" on the cover thereof.

4. Covered Information may not be disclosed by any person to anyone other than:

    a. The parties to this litigation, including their current or former officers, directors, agents, employees, and consultants;

    b. Counsel of record and associated counsel and employees or agents of counsel of record or associated counsel;

    c. Court reporters, stenographers, or video operators at depositions, court, or arbitral proceedings at which Covered Information is disclosed;

    d. Clerical and data processing personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of Covered Information, to the extent reasonably necessary to assist the other persons identified in this Paragraph;

    e. Deponents and other persons providing testimony in this matter and their counsel, if any;

    f. Any person who authored, received, or who otherwise has already

        been provided access to the Covered Information in the ordinary course of business;

    g.     The Court, whether in a letter, affidavit, brief, memorandum or other filed paper, or whether orally in a hearing;

    h.     Independent experts and consultants retained by counsel of record to assist them in connection with this action; and

    i.     Such other persons as the parties may mutually agree upon in writing.

5.     Prior to disclosing Covered Information to those individuals listed in Paragraphs h and i above, the parties shall obtain a signed agreement in the form of Exhibit A (attached hereto) from the party to whom the Covered Information is to be disclosed. Such agreement shall be retained by counsel throughout the course of the action, including any appeals.

6.     Covered Information may be used by the parties solely for the prosecution or defense of the claims in this action and shall not be used for any other purpose, including without limitation any business, commercial, competitive, or personal purpose. Covered Information shall not be used in any lawsuit, claim, or cause of action other than in this case, and shall not be disclosed except as provided in this Protective Order.

7.     Covered Information shall be stored under the direct control of counsel, who shall use its best efforts to prevent any disclosure thereof except in accordance with the terms of this Protective Order. Within 45 days of the conclusion of this case, all Covered Information, and all copies thereof shall be destroyed or returned to the producing party.

8. Restrictions and obligations set forth herein relating to Covered Information shall not apply to any material which: (a) is already public knowledge or becomes public knowledge through disclosure in open court; or (b) has become public knowledge other than as a result of disclosure in violation of this order by the party receiving the Covered Information.

9. In the event that any party believes that any material marked "Confidential" is not Covered Information and, therefore, should not be subject to this Protective Order, the party shall, within a reasonable amount of time of the party's receipt of the document marked "Confidential," state the grounds for the objection in writing and serve it on the producing party. The objecting party shall thereafter try to resolve the dispute in good faith on an informal basis with the producing party. In the event the dispute cannot be resolved informally within 14 days after the designating party's receipt of the notice, the objecting party may file an appropriate application with the Court requesting that the material in dispute no longer be treated as "Confidential." The party making the designation shall have the burden of persuading the Court that the material should be treated as designated. During the pendency of any motion to reclassify materials that have been designated as "Confidential," the parties shall adhere to the previously designated classification.

10. Nothing in this Protective Order shall be construed as a restriction on the use or disclosure outside of this litigation of its own information by the party producing or supplying the information.

11. This Protective Order is without prejudice to the right of any party or nonparty to argue that certain information designated as Covered Information: (a) should not be subject to this Protective Order; (b) is not relevant to any issue in this case;

4

or (c) otherwise should not be admitted as evidence in the case. By entering into this stipulation, neither party concedes that any information produced in this litigation does in fact contain Covered Information.

12. The inadvertent disclosure of unmarked material that the producing party believes should have been designated as Covered Information shall not be deemed to be a waiver or impairment of the producing party's right to make designations under this Protective Order going forward, either as to the specific material in question or as to any other materials relating thereto or to the same or related subject matter. On the other hand, no person shall be subject to any penalty or sanction for any otherwise appropriate use of any material before they have been designated pursuant to this Order. This provision shall be governed by, and this Protective Order is entered pursuant to, Federal Rule of Evidence 502. To the extent that the terms of this provision conflict with Rule 502, that Rule shall control any inadvertent disclosure of privileged information.

13. The inadvertent disclosure of any material subject to a claim that it is protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection against discovery shall be governed by Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5).

14. This Protective Order may be amended only by leave of the Court.

15. Notwithstanding any of the non-disclosure obligations set forth in this Protective Order, such obligations shall not extend to any material required to be produced by an appropriate subpoena, court order, a regulatory agency, or otherwise by law. Should a party or its counsel be served with a subpoena or other notice seeking disclosure or production of Covered Information, that party shall give notice to counsel for the other party promptly and in writing, sufficiently in advance of the requested

production date to allow the counsel for the party or such other interested person or entity an opportunity to object to the requested production.

16. Any allegations regarding violation of this Protective Order shall be submitted to the Court for adjudication.

17. The Court retains the right to allow, *sua sponte* or upon motion, disclosure of any subject covered by this Protective Order or to modify this Protective Order at any time in the interest of justice.

IT IS SO ORDERED.

_____
Elizabeth Preston Deavers
UNITED STATES MAGISTRATE JUDGE

APPROVED FOR ENTRY:

/s/ Anthony I. Paronich
Brian K. Murphy (0070654)
Trial Attorney
murphy@mmmb.com
Joseph F. Murray (0063373)
murray@mmmb.com
Geoffrey J. Moul (0070663)
moul@mmmb.com
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH 43225
Telephone: 614-488-0400
Facsimile: 614-488-0401

Anthony I. Paronich
anthony@broderick-law.com
Broderick & Paronich, P.C.
99 High Street, Suite 304
Boston, MA 02110
Telephone: 508-221-1510
Facsimile: 617-830-0327

*Attorneys for Plaintiff*

/s/ Joseph E. Ezzie
Joseph E. Ezzie (0075446),
Trial Attorney
jezzie@bakerlaw.com
Trischa Snyder Chapman (0086420)
tchapman@bakerlaw.com
BakerHostetler
Capitol Square, Suite 2100
65 East State Street
Columbus, OH 43215-4260
Telephone: 614-228-1541
Facsimile: 614-462-2616

Paul Karlsgodt (*pro hac vice*)
pkarlsgodt@bakerlaw.com
BakerHostetler
1801 California Street, Suite 4400
Denver, CO 80202-2662
Telephone: 303-861-0600
Facsimile: 303-861-7805

*Attorneys for Defendants HomeAdvisor, Inc. and One Planet Ops, Inc.*

Alexander C. Clayden (*pro hac vice*)
aclayden@lathropgage.com
Stephen J. Horace (*pro hac vice*)
shorace@lathropgage.com
Lathrop & Gage LLP
950 Seventeenth Street, Suite 2400
Denver, CO 80202
Telephone: 720-931-3142
Facsimile: 720-931-3201

*Attorneys for Defendant HomeAdvisor, Inc.*

## EXHIBIT A

## AGREEMENT REGARDING PROTECTIVE ORDER

_____, residing at

_____,

states that he or she is employed by _____

and has read the Protective Order entered into by the parties to the action entitled KEN JOHANSEN v. HOMEADVISOR, INC., *et al.*, Civil Action 2:16-cv-00121, and agrees that he or she will not disclose any Covered Information (as defined in said Protective Order) except in accordance with the terms of said Order, or the terms of any Order modifying it of which he or she has notice.

_____ also states that he or she agrees to submit to the personal jurisdiction of the Southern District of Ohio, with respect to any proceeding relating to enforcement of said Protective Order.

Dated: _____   _____
   [Signature]

8