IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KEN JOHANSEN,<br>    Plaintiff,<br><br>vs.<br><br>ONE PLANET OPS, INC.,<br>    Defendants. | Case No.: 2:16-cv-00121<br><br>Chief Judge Algenon L. Marbley<br><br>Magistrate Judge Preston Deavers |

## PRELIMINARY APPROVAL ORDER

This matter is before the court on Plaintiff's unopposed motion for preliminary approval of a proposed class settlement which would resolve Plaintiff's class-action claims brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (ECF No. 93). Upon consideration of the motion, the Settlement Agreement, and the exhibits thereto, this Court **GRANTS** preliminary approval of the Settlement, finding specifically as follows.[1]

### I. Jurisdiction

1. The Court preliminarily finds that it has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

### II. Class Representative and Class Counsel

2. The Court preliminarily appoints Plaintiff Ken Johansen as Class Representative.

3. Under Rule 23(g), the following attorneys and firms are preliminarily appointed as

---

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the Settlement Agreement have the same meaning as set forth in the Settlement Agreement. (ECF No. 93-1).

Class Counsel:

>Brian K. Murphy
>Jonathan P. Misny
>Murray Murphy Moul + Basil LLP
>1114 Dublin Road
>Columbus, Ohio 43215
>(614) 488-0400
>murphy@mmmb.com
>misny@mmmb.com
>
>Edward A. Broderick
>Broderick Law, P.C.
>99 High St., Suite 304
>Boston, MA 02110
>(617) 738-7080
>ted@broderick-law.com
>
>Matthew P. McCue
>Law Office of Matthew P. McCue
>1 South Ave., Third Floor
>Natick, MA 01760
>(508) 655-1415
>mmccue@massattorneys.net

### III. Rule 23 Requirements

4. The Court preliminarily finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the class representative are typical of the claims of the Settlement Class Members; (d) the class representative will fairly and adequately represent the interests of the Settlement Class Members

5. The Court further finds that the prerequisites for class certification under Rule 23(b)(3) have been satisfied in that (A) questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (B) a class action is superior to other available methods for the fair and efficient adjudication

2

of the controversy.

### IV. Preliminary Approval of the Settlement

6. Pursuant to the Settlement Agreement a $752,560 Settlement Fund will be created. Amounts awarded to Class Counsel or the Class Representative will be paid from the Settlement Fund. Class Members will receive a pro-rata share of the Settlement Fund after attorneys' fees and costs, the Class Representative's award, the costs of notice and administration are deducted, and any other expenditure authorized by the Court.

7. Having considered the motion for preliminary approval, the Settlement Agreement, and the exhibits thereto, the Court preliminarily finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arms' length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

### V. Notice and Administration

8. The Court appoints A.B. Data to perform the functions and duties of the Settlement Administrator set forth in the Settlement Agreement – including effectuating the Notice Plan under the Settlement Agreement and the Exhibits attached thereto – and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

9. The Court has carefully considered the Notice Plan set forth in the Settlement Agreement. The Court finds that the Notice Plan is reasonable and constitutes the best notice practicable under the circumstances and satisfies fully the requirements of Rule 23(c)(2), Rule 23(e), and the requirements of due process. The Court finds the parties have shown sufficient grounds under Rule 23(e)(2) to give notice to the Settlement Class.

10. The Court thus approves the Notice Plan and the form, content, and requirements of the Notice described in and attached as exhibits to the Settlement Agreement. The Settlement Administrator shall cause the Notice Plan to be completed within **28 days** after entry of this approval order. Class Counsel shall, prior to the Final Approval Hearing, file with the Court a declaration executed by the Settlement Administrator attesting to the timely completion of the Notice Plan.

11. All costs of providing Notice to the Settlement Class, processing Claim Forms, and administering distributions from the Settlement Fund shall be paid out of the Settlement Fund, as provided by the Settlement Agreement.

## VI. Claims and Exclusions

12. Each and every member of the Settlement Class shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, unless such persons request exclusion from the Settlement in a timely and proper manner, as hereinafter provided.

13. A member of the Settlement Class wishing to file a claim shall mail, by first class mail, postage prepaid, or submit online a Claim Form, which must be postmarked or received no later than **90 days** after entry of this preliminary approval order by the Settlement Administrator at the address specified in the Notice.

14. Any member of the Settlement Class may request to be excluded from the Settlement Class by sending a written request for exclusion to the Settlement Administrator postmarked no later than **90 days** after entry of this preliminary approval order. To exercise the right to be excluded, a member of the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his, her, or their full name, address, and

telephone number or numbers that he, she, or they maintain(s) were called. Further, the written request for exclusion must include a statement that the member of the Settlement Class submitting the request wishes to be excluded from the Settlement, and include the personal signature of the member of the Settlement Class submitting the request. A request to be excluded that does not include all of the foregoing information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and any Person serving such an invalid request shall be a Settlement Class Member and shall be bound as a Settlement Class Member by the Agreement, if approved. Any member of the Settlement Class who elects to be excluded shall not: (i) be bound by the Final Approval Order and Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights from this Agreement; or (iv) be entitled to object to any aspect of this Agreement. So-called "mass" or "class" opt- outs shall not be allowed.

15. Members of the Settlement Class who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against the Defendant or any of the other Released Parties.

16. All Settlement Class Members who do not timely and validly request exclusion shall be so bound by all terms of the Settlement Agreement and by the Final Approval Order and Judgment even if they have previously initiated or subsequently initiate individual litigation or other proceedings against the Defendant or any of the other Released Parties.

17. The Settlement Administrator will promptly provide all Parties with copies of any exclusion requests, and Plaintiff shall file a list of all persons who have validly opted-out of the Settlement with the Court prior to the Final Approval Hearing.

## VII. Objections

18. Any Settlement Class member who intends to object to this Agreement must file with the Court a written statement that includes: his, her, or their full name; address; telephone number or numbers that he, she, or they maintain(s) were called; all grounds for the objection, with factual and legal support for each stated ground; the identity of any witnesses he, she, or they may call to testify; copies of any exhibits that he, she, or they intend(s) to introduce into evidence at the Final Approval Hearing; and a statement of whether he, she, or they intend(s) to appear at the Final Approval Hearing with or without counsel. Any Settlement Class member who fails to timely file a written objection with the Court in accordance with the terms of this paragraph and as detailed in the Notice, and at the same time provide a copy of the objection to the Settlement Administrator, shall not be permitted to object to this Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Agreement by appeal or other means, and shall be deemed to have waived their objection(s) and be forever barred from making any such objections in the Action or any other action or proceeding. To be timely, the objection must be filed with the Court and mailed and postmarked to the Settlement Administrator no later than **90 days** after entry of this preliminary approval order.

19. A Settlement Class Member who has timely filed a written objection as set forth above may appear at the Final Approval Hearing in person or through counsel to be heard orally regarding their objection. A Settlement Class Member who has filed a timely objection is not required to appear at the Final Approval Hearing in order to object. No Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and expenses and/or the request for a compensation award to the Class Representative will be heard unless that person has filed a timely written objection as set forth

6

above. No non-party, including members of the Settlement Class who have timely opted-out of the Settlement, will be heard at the Final Approval Hearing.

20. Any member of the Settlement Class who does not opt out or make an objection to the Settlement in the manner provided herein shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order and Judgment.

**VIII. Application for an Award of Attorneys' Fees, Costs and an Incentive Award.**

21. Any application for a compensation award to the Class Representative as well as any application for an award of attorneys' fees and expenses must be filed within 30 days of the entry of this order.

**IX. Final Approval Hearing**

22. A Final Approval Hearing will be held on **February 25, 2020 at 10:00 AM** for the following purposes:

(a) to finally determine whether the requirements of Federal Rules of Civil Procedure 23(a)(b) and (e) are met;

(b) to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c) to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

(d) to consider the application for an award of attorneys' fees and expenses of Class Counsel;

7

(e) to consider the application for a compensation award to the Class Representative;

(f) to consider the distribution of the Settlement Benefits under the terms of the Settlement Agreement; and

(g) to rule upon such other matters as the Court may deem appropriate.

23. On or before **ten (10) days** prior to the Final Approval Hearing, Class Counsel shall file and serve a motion for final approval.

24. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At, or following, the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

25. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

## X. Further Matters

26. All discovery and other pretrial proceedings in the Action are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

27. In the event that the Settlement Agreement is terminated or for any reason whatsoever the approval of it does not become final then: (i) the Settlement Agreement shall be null and void, including any provisions related to the award of attorneys' fees and expenses, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to

any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated; and (iv) any party may elect to move the Court to implement the provisions of this paragraph.

28. The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

_____
ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATE: October 11, 2019**