# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| KEN JOHANSEN,<br><br>          Plaintiff,<br><br>vs.<br><br>ONE PLANET OPS INC.,<br><br>          Defendant. | Case No.: 2:16-cv-00121<br><br>Judge Marbley<br><br>Magistrate Judge Elizabeth Preston Deavers |

**FINAL APPROVAL ORDER AND JUDGMENT**

This matter having come before the Court on Plaintiff's motion for final approval (the "Motion for Final Approval") of a proposed class action settlement (the "Settlement") of the above-captioned action (the "Action") between Ken Johansen ("Johansen" or "Plaintiff"), individually and on behalf of the class of persons he represents (the "Settlement Class" defined below) and One Planet Ops Inc. ("One Planet" or "Defendant")) (Plaintiff and One Planet are collectively referred to as the "Parties"), pursuant to the parties' Settlement Agreement (the "Agreement" or the "Settlement Agreement"), and having duly considered all papers filed and arguments presented, the Court hereby finds and orders as follows:

1. Unless defined herein, all defined terms in this Final Approval Order and accompanying Judgment shall have the respective meanings set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The Court preliminarily approved the Settlement Agreement and entered the Preliminary Approval Order on October 11, 2019, and notice was given to all members of the Settlement Class under the terms of the Preliminary Approval Order.

4.      The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, the arguments submitted on behalf of the Plaintiff, Settlement Class Members, and Defendant, and supporting declarations. The Court has also read and considered any written objections filed by Settlement Class Members. The Court has not received any objections from any person regarding the Settlement.  The Court held a hearing on February 25, 2020, at which time the parties were afforded the opportunity to be heard in support of or in opposition to the Settlement Agreement. Furthermore, the Court finds that notice under the Class Action Fairness Act was timely and properly effectuated on August 5, 2019, and that ninety (90) days have passed without comment or objection from any governmental entity.

5.      Based on the papers filed with the Court and the presentations made to the Court at the hearing, the Court now gives final approval to the Settlement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual history of the Action, the fact that the Settlement is the result of arm's-length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

6.      Under Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only, the following "Settlement Class."

> All persons in the United States whose residential telephone number was registered on the National Do Not Call Registry for more than 30 days, and who, from February 10, 2012 through the date of preliminary approval of the Settlement Agreement, received more than one telephone solicitation allegedly from The Lead House or any third-party call center that contracted with the Lead House within any twelve-month period. This described class is limited to those 9,407 persons whose phone numbers were included in the records produced by Lead House and whose numbers were identified in Plaintiff's Expert's Report, but excluding Class Counsel, Defendant's Counsel, and any judge before whom the Action is assigned and members of the immediate family of such judge.

7. Under Federal Rule of Civil Procedure 23, Ken Johansen is appointed as Class Representative and the following are appointed as Class Counsel:

> Brian K. Murphy
> Jonathan P. Misny
> Murray Murphy Moul + Basil LLP
> 1114 Dublin Road
> Columbus, Ohio 43215
> (614) 488-0400
> murphy@mmmb.com
> misny@mmmb.com
>
> Edward A. Broderick
> Broderick Law, P.C.
> 99 High St., Suite 304
> Boston, MA 02110
> (617) 738-7080
> ted@broderick-law.com
>
> Matthew P. McCue
> Law Office of Matthew P. McCue
> 1 South Ave., Third Floor
> Natick, MA 01760
> (508) 655-1415
> mmccue@massattorneys.net

8. With respect to the Settlement Class, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been met, including that the Settlement Class is sufficiently numerous, that there are questions of law and fact common to members of the Settlement Class that predominate, that the claims of Plaintiff are typical of the claims of the Settlement Class, that Plaintiff and Class Counsel adequately represent the interests of the Settlement Class, and a settlement class action is a superior method of adjudicating this Action.

9. The Court has determined that the Notice given to the Settlement Class, in accordance with the Notice Plan in the Agreement and the Preliminary Approval Order, fully and

accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law.

10. The Court finds that proper and timely notice was provided to the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11. All persons whose names were included on the list supplied by Class Counsel, attached as Exhibit E to the Declaration of the Settlement Administrator, as having made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Approval Order and Judgment.

12. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement, including the releases therein, shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court. Plaintiff, each and every Settlement Class Member, and the remainder of the Releasing Parties (as defined in the Settlement Agreement) fully, finally, completely, and forever, release, relinquish, acquit, and discharge the Released Parties (as defined in the Settlement Agreement) against all Released Claims, including all actual, potential, filed, known or unknown (including Unknown Claims), fixed or contingent, claimed or unclaimed, asserted or unasserted, suspected or unsuspected, material or immaterial, matured or unmatured, hidden or concealed, disclosed or undisclosed, accrued or unaccrued, direct or indirect, individual or representative, claims, counterclaims, suits, debts, controversies, promises, losses, sums of money, covenants, assertions, allegations, contentions, actions, demands, liabilities, rights, causes or rights of action, contracts or agreements, extra-contractual claims, damages, punitive,

4

exemplary, or expenses, costs, attorneys' fees and or obligations of any kind or nature whatsoever, whether in law or in equity, based on the TCPA or any other federal law, state law, municipal law, statutory or common law, territorial law, foreign law, contract, regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), or any other law, rule, or regulation, against the Released Parties, or any of them, arising out of or relating in any way to telemarketing calls by or on behalf of One Planet. This includes, but is not limited to, any telemarketing calls allegedly by or on behalf, or purporting to act on the behalf, of One Planet alleged to violate the TCPA, to one or more numbers registered with any state do-not-call list, internal do-not-call list(s), or any federal or state unfair and deceptive practice statutes, invasion of privacy, and/or conversion. The Released Claims include any and all claims that were brought or could have been brought in the Action.

13. The Plaintiff and all Settlement Class Members have acknowledged that the Released Claims may include claims, rights, demands, causes of action, liabilities, or suits that are not known or suspected to exist. The Plaintiff and all Settlement Class Members nonetheless release all such Released Claims against the Released Parties. Plaintiff and the Releasing Parties understand and acknowledge that they s have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiff and the Releasing Parties understand and acknowledge that they have waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United

States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Plaintiff and the Releasing Parties understand and acknowledge they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have.

14. The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiff and all Settlement Class Members. The Court adjudges that the Releasing Parties, and each of them, have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties.

15. The Releasing Parties are forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from, any lawsuit, any arbitration, or any administrative, regulatory, or other proceeding against any of the Released Parties in any jurisdiction based on or relating in any way to the Released Claims, and the Releasing Parties are forever barred and permanently enjoined from filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the Released Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on or relating in any way to the Released Claims.

16. The Court further adjudges that the above described releases and the Settlement Agreement will be binding on and have *res judicata* and preclusive effect in all pending and

future lawsuits or other proceedings maintained by or on behalf of the Releasing Parties. The Released Parties may file the Settlement Agreement and/or this Final Approval Order and accompanying Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17. The benefits and payments described in the Agreement are the only consideration, fees, and expenses Defendant or the Released Parties shall be obligated to give to the Class Representative, Settlement Class Members, and Class Counsel in connection with the Agreement, the Released Claims, and the payment of attorneys' fees and expenses.

18. Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement has been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret, and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement.

19. The Court approves payment of attorneys' fees to Class Counsel in the amount of $250,853.33 plus their costs and expenses of $37,431.63. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses, and in response to any filed

objections thereto, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable, and the Court notes that the class notice specifically and clearly advised the class that Class Counsel would seek the award. Defendant shall not be responsible for and shall have no liability with respect to allocation among Class Counsel, and/or any person who may assert a claim thereto, of attorneys' fees and expenses awarded by the Court.

20. The Court approves the incentive fee payment of $10,000 for Plaintiff Ken Johansen and specifically finds such amount to be reasonable in light of the service performed by Plaintiff for the class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

21. The Settlement Agreement and this Order are not admissions of liability or fault by One Planet, or the Released Parties, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law. The Agreement and Settlement are not a concession by One Planet, or the Released Parties, and neither this Order and Judgment, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence or used in any way in any pending or future civil, criminal, or administrative action or any other proceeding to establish any liability or wrongdoing of, or admission by One Planet or the Released Parties. Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order and Judgment in a proceeding to consummate or enforce the Agreement, or to defend against the assertion of Released Claims in any other proceeding. All other relief not expressly granted to the Settlement Class Members is denied.

22. The Parties are authorized without further approval from the Court to agree upon such modifications of the Agreement and all exhibits thereto as shall be consistent in all respects with this Settlement Order and Final Judgment and do not limit the rights of Class Members.

23. The Court finds, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, that this Final Judgment should be entered and that there is no just reason for delay in the entry of this Final Judgment as to Plaintiffs and Defendant. Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

**SO ORDERED** this \_\_\_\_ day of _____, 2020**.**

_____
UNITED STATES DISTRICT JUDGE